NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS GEOVANNI SAMAYOA-DELA ROSA,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

No. 15-73041

Agency No. A095-755-173

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Carlos Geovanni Samayoa-Dela Rosa, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Samayoa-Dela Rosa does not challenge the agency's dispositive conclusion that his asylum application was untimely and that he failed to establish any changed or extraordinary circumstances to excuse the untimely filing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, his asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Samayoa-Dela Rosa's testimony and declaration as to the events of his first interaction with gang members, who caused Samayoa-Dela Rosa's motorcycle accident, the identity of his grandfather's murderer, and based on the omission of Samayoa-Dela Rosa's cousin's murder from his declaration. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). In this case, in the absence of credible

2                                                                                      15-73041

testimony, Samayoa-Dela Rosa's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Samayoa-Dela Rosa's CAT claim fails because it is based on the same testimony the agency found not credible, and Samayoa-Dela Rosa does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Guatemala. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**